1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**DAVID CHIMINELLO,**

        Plaintiff,

   **v.**

**ACTION COLLECTION AGENCIES, INC. d/b/a ACTION COLLECTION AGENCY OF BOSTON,**

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

DAVID CHIMINELLO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ACTION COLLECTION AGENCIES, INC. D/B/A ACTION COLLECTION AGENCY OF BOSTON ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate

- 1 -

United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Massachusetts and has its corporate headquarters located within the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Abington, Massachusetts 02351.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.    Defendant is a national debt collection company with its corporate headquarters located at 16 Commerce Boulevard, Unit 4, Middleboro, Massachusetts 02346.

9.    Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

11.    Defendant is a "person" as that term is defined by 47 U.S.C.§153(39).

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    Plaintiff has a cellular telephone number.

14.    Plaintiff has only used this number as a cellular telephone number.

15.    At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.    Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone seeking to collect an alleged consumer debt.

17.    Upon information and belief, the calls related to a personal debt and Plaintiff only has personal debts for personal, family, or household purposes.

18.    When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

19.    Plaintiff knew that Defendant's calls were automatic as they started with a pre-recorded message before being transferred to a live representative.

20.   Defendant's telephone calls were not made for "emergency purposes," but rather, were places with the intent of collecting a debt allegedly owed by Plaintiff.

21.   Shortly after the calls started, Plaintiff told Defendant to stop calling him.

22.   Defendant heard and acknowledged Plaintiff's request to stop calling.

23.   Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

24.   Defendant ignored Plaintiff's request to stop calling and continued to make repeated and harassing calls to Plaintiff's cellular telephone.

25.   Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

26.   Plaintiff found Defendant's repeated calls to be invasive, harassing, annoying, frustrating, and upsetting.


**COUNT I**
**DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

27.   A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

28.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29.   Defendant violated these sections when it placed repeated and harassing calls to Plaintiff's cellular phone in its attempts to collect the alleged consumer debt, and when it continued to call Plaintiff knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED
## THE TELEPONE CONSUMER PROTECTION ACT

30.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.   Defendant initiated multiple telephone calls to Plaintiff's cellular telephone and residential telephone line using an automatic telephone dialing system and automatic and/or pre-recorded messages.

32.   Defendant's calls to Plaintiff were not made for "emergency purposes."

33.   Defendant's calls to Plaintiff after Plaintiff revoked consent to be called were made without "prior express consent."

34.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth, entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DAVID CHIMINELLO, respectfully prays for judgment as follows:

a.   All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

PLAINTIFF'S COMPLAINT

e.  Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3); and

g.  Any other relief deemed appropriate by this Honorable Court.


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID CHIMINELLO, demands a jury trial in this case.


Respectfully submitted,

Dated: August 16, 2019          s/ Craig Thor Kimmel
                                Craig Thor Kimmel
                                Kimmel & Silverman, P.C.
                                30 East Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Facsimile: (877) 788-2864
                                Email: teamkimmel@creditlaw.com